**Electronically Filed
Intermediate Court of Appeals
29576
10-FEB-2011
09:46 AM**

NO. 29576

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


DUSTIN CROSS and SANDI ADELE SCHNEIDERMAN,
Plaintiffs/Counterclaim Defendants-Appellees, v.
THERESA ILENE HARDEN, Defendant/Counterclaim Plaintiff-Appellant,
and JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; AND
DOE GOVERNMENTAL UNITS 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-0263)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Defendant/Counterclaim Plaintiff-Appellant Theresa Ilene Harden (**Harden**) appeals from the Judgment on Findings of Fact, Conclusions of Law and Order Granting Plaintiffs' Renewed Motion for Summary Judgment and Decree of Foreclosure as Against All Defendants on Complaint Filed February 7, 2008, and for Summary Judgment on Counterclaim Filed February 29, 2008, Filed September 11, 2008, entered on December 12, 2008 (**Judgment**), in the Circuit Court of the First Circuit (**Circuit Court**).[1/]

On appeal, Harden raises three points of error: (1) the Circuit Court erred in granting Plaintiffs-Appellees Dustin Cross and Sandi Adele Schneiderman's (**Plaintiffs'**) renewed motion for summary judgment and decree of foreclosure because there were

---

[1/]    The Honorable Karen N. Blondin presided.

genuine issues of material fact in dispute concerning Harden's defense that Plaintiffs failed to make certain material disclosures in violation of two Deposit Receipt Offer and Acceptance (**DROA**) agreements and State law; (2) for the same reasons, the Circuit Court erred in granting Plaintiffs' motion for summary judgment with respect to Harden's counterclaim; and (3) the Circuit Court erred by issuing insufficient findings of fact in support of its conclusion.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Harden's contentions as follows:

(1) The Circuit Court did not err when it concluded that Harden failed to raise a genuine issue of material fact in opposition to Plaintiffs' renewed motion for summary judgment and decree of foreclosure.

It is undisputed that, on or about May 1, 2006, Plaintiffs sold Harden two adjacent properties located at 47-235 Okana Road (**Residential Property**) and 47-227 Okana Road (**Vacant Lot**) in Kaneohe, Hawai'i. Harden purchased the Residential Property with cash and resold it to Donald Coley (**Coley**) on or about April 5, 2007. Harden purchased the Vacant Lot through a purchase money mortgage with Plaintiffs. The Vacant Lot is the subject of Plaintiffs' foreclosure action; the Residential Property is not the subject of Plaintiffs' foreclosure action and, therefore, alleged issues related to the Residential Property are not germane to Harden's defenses to the foreclosure.

Plaintiffs' renewed summary judgment motion brought forward competent evidence establishing, *inter alia*, the subject note, mortgage, default, and notice of default. Harden's opposition did not challenge this evidence, which was sufficient to establish *prima facie* that Plaintiffs were entitled to summary judgment and a decree of foreclosure. See <u>Ocwen Federal Bank,</u>

FSB v. Russell, 99 Hawai'i 173, 184, 53 P.3d 312, 323 (App. 2002). Instead, Harden argued that Plaintiffs failed to disclose material facts concerning the properties pursuant to Hawaii Revised Statutes (**HRS**) § 508D-15 and the terms of the DROA, and that the failure to disclose these facts constituted fraud in the inducement.

HRS Chapter 508D applies only to the sale of "residential real estate." See HRS §§ 508D-1 & 508D-2. There is no evidence that the Vacant Lot was residential real estate. Chapter 508D did not apply to the sale of the Vacant Lot.

The remaining issue, therefore, is whether there was a genuine issue of material fact concerning whether the terms of the DROA required certain disclosures regarding the Vacant Lot such that the failure to make such disclosures constituted fraudulent inducement. "[T]he essential elements constituting fraudulent inducement sufficient to invalidate a contract . . . are (1) a representation of material fact, (2) made for the purpose of inducing the other party to act, (3) known to be false but reasonably believed true by the other party, and (4) upon which the other party relies and acts to [his] damage." Touche Ross Ltd. v. Filipek, 7 Haw. App. 473, 480, 778 P.2d 721, 726 (App. 1989) (citations and internal quotation marks omitted); see also Matsuura v. E.I. du Pont de Nemours & Co., 102 Hawai'i 149, 163, 73 P.3d 687, 701 (2003) (to prove fraudulent inducement, party must prove that reliance on the representation was reasonable).

More specifically, Harden alleges that Plaintiffs' "NTMK" (not to my knowledge) response to the following questions constituted fraudulent inducement: (1) "Is there filled land on this Property?" (2) "Has there ever been any settling, slippage, sliding, subsidence, or other soil problem?" (3) "Has there ever been any drainage, water infiltration, seepage, flooding or grading problems?" and (4) "Are there any violations of

3

government regulations/ordinances related to this Property?" Harden further alleges that Plaintiffs "materially altered the properties with the knowledge and consent of the State of Hawaii," "made the subject properties a dumping site," "illegally graded and grubbed the property," and "altered the properties without first obtaining permits."

In opposition to the renewed summary judgment motion and in support of her allegations, Harden submitted, *inter alia*, her declaration, the DROAs, Plaintiffs' disclosure statements, and a declaration from Coley. Harden's declaration contains various hearsay statements and unsupported factual allegations, which were timely objected to by Plaintiffs. See Hawai'i Rules of Civil Procedure (**HRCP**) 56(e). With one possible exception, there is no competent evidence that Plaintiffs' "NTMK" representations concerning the Vacant Lot were false. There is no competent evidence, for example, that Plaintiffs withheld information regarding filled land, settling, slippage, sliding, subsidence, or other soil problems, drainage, water infiltration, seepage, or flooding problems on the filled lot.

The record, however, includes evidence that Plaintiffs did not disclose three past notices of violation for not obtaining a permit from the City & County of Honolulu (**Honolulu**) before grading, grubbing, and stockpiling of soil at the properties. The record further includes evidence that these no-permit violations were remedied, including copies of the permits and the affidavit of Honolulu Construction Inspector Russell Ho (**Ho**), the inspector who issued the three notices of violation. In his affidavit, Ho averred that required permit approvals had all been obtained and the three violations were deemed corrected. No objections were made to Ho's affidavit and no competent evidence was offered of any additional, continuing, or further permit problems or ordinance violations. In addition, the

customized Addendum to the DROA, which appears to be initialed by Plaintiffs and Harden, adopts only one "Special Term":

> 7. Public Records. This contract is subject to Buyer's approval of public records including permits within 10 days of acceptance. Written disapproval must be provided Seller within that time frame or Buyer will have been deemed to approve all such records.

The record is devoid of evidence of any representation of material fact that was reasonably relied upon by Harden to her detriment. Harden affirmatively undertook the duty to review and approve all public records related to the Vacant Lot, including the history of the grading permits. Thus, we reject Harden's argument that the non-disclosure of the no-permit citations was a material omission of a mandatory disclosure under the DROA. Even assuming that Plaintiffs had a duty to disclose the notices of violation, Harden has failed to demonstrate how the failure to get permits before starting work, which was subsequently cured, caused her any injury. As noted above, Harden failed to bring forward any other evidence of any representation (or omission) of material fact that was made by the Plaintiffs for the purpose of inducing Harden to purchase the property, which was known by Plaintiffs to be false, but reasonably believed by Harden to be true. Accordingly, Harden failed to meet her burden in opposing summary judgment on Plaintiffs' foreclosure claim. The Circuit Court did not err in granting summary judgment in favor of Plaintiffs and against Harden on Plaintiffs' foreclosure claim.

(2) The Circuit Court did not err when it concluded that Harden failed to raise a genuine issue of material fact in opposition to Plaintiffs' renewed motion for summary judgment on Harden's counterclaim.

For the same reasons as set forth above, to the extent that Harden's counterclaim arises out of alleged material non-disclosures, fraud, and misrepresentations regarding the Vacant Lot, Harden failed to raise a genuine issue of material fact and

Plaintiffs were entitled to judgment on the counterclaim as a matter of law.

To the extent that Harden's counterclaim arises out of alleged material non-disclosures, fraud, and misrepresentations regarding the Residential Property, we have considered the additional arguments of the parties. The disclosure requirements set forth in HRS Chapter 508D applied to Plaintiffs' sale of the Residential Property to Harden. Harden relies, however, on the same inadmissible evidence and remedied no-permit citations as described above. Moreover, assuming arguendo that HRS Chapter 508D imposes a heightened duty to disclose past, remedied, permitting violations, Harden would not be entitled to rescind her purchase of the Residential Property. See HRS § 508D-16(a) (2006) ("After recordation of the sale of residential real property, a buyer shall have no right under this chapter to rescind the real estate purchase contract despite the seller's failure to comply with the requirements of this chapter."); see also HRS § 508D-16.5. Nor did Harden bring forward the necessary evidence to show that she suffered actual damages as a result of Plaintiffs' alleged non-disclosures related to the Residential Property. See HRS § 508D-16(c) ("[W]hen the seller negligently fails to provide the disclosure statement required by this chapter, the seller shall be liable to the buyer for the amount of the actual damages, if any, suffered as a result of the seller's negligence."). Accordingly, Harden failed to meet her burden in opposing summary judgment on the counterclaim. The Circuit Court did not err in granting summary judgment in favor of Plaintiffs and against Harden on the counterclaim.

(3) Harden argues that the Circuit Court reversibly erred because it did not enter sufficient findings of fact and conclusions of law in support of the order granting summary judgment. This argument is without merit. See, e.g., Alexander & Baldwin, Inc. v. Silva, __ P.3d __, 2011 WL 95146 at *4

(Hawai'i App., January 11, 2011); <u>Dalton v. City & County of Honolulu</u>, 51 Haw. 400, 403 n.2, 462 P.2d 199, 203 n.2 (1969); <u>Hawaii Cmty. Fed. Credit Union v. Keka</u>, 94 Hawai'i 213, 217 n.3, 11 P.3d 1, 5 n.3 (2000).

For these reasons, the Circuit Court's December 12, 2008 Judgment is affirmed.

DATED: Honolulu, Hawai'i, February 10, 2011,

On the briefs:

Gary Victor Dubin
Long H. Vu
Frederick J. Arensmeyer
(Dubin Law Offices)
for Defendant/Counterclaim
Plaintiff-Appellant

Robert E. Chapman
Mary Martin
(Clay Chapman Iwamura Pulice
  & Nervell)
for Plaintiffs/Counterclaim
Defendants-Appellees

Presiding Judge

Associate Judge

Associate Judge

7